Per Curiam.
—The mortgage was of a lease made by the appellant, .the owner of the fee. Her lessee had sub-let. *87 Parties entitled to the rents under the sub-leases, had assigned them to trustees for distribution in certain ways. One of the trusts was to pay the rents due, or to become due, to the appellent, but not to a greater amount than §1500, in each year. The trustees had been-' appointed receivers in this action to hold the rents collected by them, subject to the .judgment of the court. On the trial, the appellant claimed that the judgment should direct that the receiver should pay to her a certain part of the fund in their hands, above the amount of $1,500, provided by the agreement, on the ground that she was entitled thereto, on account of rent alleged to be in arrear, after the $1,500 were paid. The appellant failed to show that she was entitled to any part of the fund formed of rents collected under the sub-lease, except so far as the assignment provided. She could get an interest in those rents, under the facts of this case, only by voluntary transfer by the person to whom they were legally due. Ho transfer has been made except as to the $1,500. It may, perhaps, be assumed, although it was not shown, that there were arrears. The amount in arrear was not proven. The fundamental difficulty is, she had no title to, or lien upon rents paid under the sub-lease.
It was also argued that the judgment should have provided that the rent in arrear should be paid out of the proceeds of the sale under the judgment. It may be granted, so far as this appeal is concerned, that plaintiff might have required the insertion of such a provision (Catlin v. Grissler, 57 N. Y. 364); that would not have been justified by any right, the appellant would have to be paid out of the proceeds, but, by such payment being a protection against the exercise of the right the appellant would have of ending the term, subject to statute provisions, by dispossessing the lessees and those holding under them, because of non-payment of rent due. The appellant could not claim a right to payment of rent in that particular way. Her rights were confined to enforcing personal obligations to pay rent, and to ejectment for non-payment of rent.
The judgment should be affirmed, with costs.
*88 Appeal in the same action, by the receivers from an order specifying the amount of money that was in their hands, subject to the order of the court, after distribution of the amounts provided to be distributed by the assignment referred to in the decision of the last appeal.
The assignment provided for distribution to different persons. The clause of the assignment relating to said rents, was as follows :
“They (the trustees), shall apply the rents thereafter received (from sub-leases) to the extinguishment of the amount in arrear, or which may at any time be in arrear, for rent, taxes, Croton or assessments, under lease to said Christian F. Dickel (the lessee under the original lease), until there are no arrears of rent due the party of the second part hereto (the appellant) under the lease from her to said C. F. Dickel, and until there are no arrears of taxes, assessments or Croton on said premises. It being agreed, however, that $1,500 per annum only, from and after April 1, 1877, shall be applied from the rents to be received by the parties of the first part to the payment of and on account of the rent thereafter to grow due to the party of the second part under said lease to Christian F. Dickel.”
Per Curiam.
—The receivers took subject to the provisions of the assignment of the rents under the sub-leases. The claim is, that the appellant in the last appeal was entitled, under the assignment, to interest from the time the rent to her fell due to time of payment by the trustees, although that would.require the payment of more than $1,500 under the assignment. It was not the intent of the trust that the $1,500 should bear interest as if it were a debt due on an independent obligation. It was considered a part of a fund. Perhaps, if after the fund should have paid the $1,500, there was no payment, and the fund earned interest, a proper portion of earnings might belong to the $1,500. No claim of that kind is made on the appeal.
The order should be affirmed, with $10 costs.